SB-

Eisenberg Gold & Agrawal, P.C.
William E. Craig, Esq.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney for: Santander Consumer USA Inc.
dba Chrysler Capital

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 24-17073 (JNP) |
| JOHN J. ZAPPILE, JR. | Chapter 13 |
| | **OBJECTION TO CONFIRMATION** |

Santander Consumer USA Inc. dba Chrysler Capital ("Chrysler Capital"), a secured creditor of the Debtor, objects to the Debtor's Plan for the following reasons:

A. The Debtor is not entitled to cramdown the 2020 Jeep Wrangler because the vehicle has equity in it.  As of the time of filing, the Debtor's account had a net loan balance of $31,838.46.  As per the August 2024 NADA Official Used Car Guide, the vehicle has a current fair market value of $43,450.00.  The vehicle is worth more than what is owed and therefore the vehicle has equity and cannot be crammed down.  The Debtor must pay the net loan balance at the time of filing of $31,838.46 plus interest at a rate sufficient to protect Chrysler Capital from risk of loss.

B. The Debtor's proposed Plan fails to pay Chrysler Capital interest on its claim.  Chrysler Capital is entitled to be paid the prime rate of interest plus an increase for risk

SB-

of loss. <u>In Re Till</u>. The prime interest rate at the time of the Debtor's filing was 8.5%. Chrysler Capital objects to the Debtor's Plan unless the Debtor pays an interest rate of 10.5% on the $31,838.46 over the life of the Plan (60 months) in order to adequately protect Chrysler Capital for any risk of loss.

C. The Plan as proposed also violates §1326(a)(1) since it does not provide for payment to Chrysler Capital of adequate protection payments. Adequate protection payments should be made to Chrysler Capital beginning in August of 2024 at $434.00 per month, being 1.0% of the vehicle value. Payments should be made within 30 days of filing and should continue up to and after confirmation, until regular payments are to be commenced through the Plan to Chrysler Capital. Adequate protection payments to Chrysler Capital should be given super priority administrative expense status and in all events must be paid prior to payment of any counsel fees to Debtor's attorney.

D. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. Santander/Chrysler Capital must be listed as loss payee or additional insured. **The Debtor must provide Chrysler Capital with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtor provide proof of insurance**.

E. Chrysler Capital must retain its lien on the vehicle following confirmation.

SB-

F.  Chrysler Capital credit reserves the right to object to the feasibility and good faith of this Plan and filing.

                                      /s/ William E. Craig

                                      _____
                                      William E. Craig, attorney for
                                      Santander Consumer USA Inc.
                                      dba Chrysler Capital

Date: 9/11/24