SB-2235-C

Eisenberg Gold & Agrawal, P.C.
William E. Craig, Esq.
1040 Kings Hwy N. #200
Cherry Hill, NJ 08034
Telephone: 856-330-6200
Attorney for: Santander Consumer USA Inc.
dba Chrysler Capital

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOHN J. ZAPPILE, JR. | Case No. 24-17073 (JNP)<br><br>Chapter 13<br><br>RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO REINSTATE THE AUTOMATIC STAY |

Santander Consumer USA Inc. dba Chrysler Capital ("Chrysler Capital"), a creditor of the Debtor, objects to the Debtor's Motion To Reinstate The Automatic Stay for the following reasons:

A. Chrysler Capital is the holder of a first purchase money security interest in personal property described as a **2020 Jeep Wrangler** bearing vehicle identification number 1C4HJXFG5LW239736.

B. The Order For Stay Relief was entered on May 6, 2025. The Debtor has not made a payment on the account since that time. The Debtor's account with Chrysler Capital is past due post-petition from August 2024 through July 2025, with arrears in the amount of $9,613.32. The account is past due contractually in the amount of $15,839.84.

SB-2235-C

C.  The amended Plan filed by the Debtor appears to attempt to pay the entire claim for the vehicle through the Plan.    The Debtor's account with the Chapter 13 Trustee is delinquent  in the amount of $16,800.00 through July 2025, which is the equivalent of four (4) monthly payments.  In addition, the amount listed is less than the amount of pre-petition arrears, and much less than the current payoff of $31,431.55.  The amended Plan proposed amended Plan appears to cure post-petition arrears on the Debtor's other vehicle, in addition to this vehicle, yet only proposes to increase the monthly payment to the Trustee by $500.00.

D.  This is the Debtor's 3rd Bankruptcy filing within the past 3 years, with the previous 2 cases dismissing within 4 months of being filed.

E.  The Debtor's Motion is in essence, a Motion To Reconsider.  This Court should only grant a motion to reconsider if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  It does not appear from the pleadings that any of these 3 criteria are met in the instant case.

For the foregoing reasons, Chrysler Capital respectfully requests that the Debtor's Motion To Reinstate The Automatic Stay be DENIED.

/s/ William E. Craig
William E. Craig, attorney
for Santander Consumer USA Inc.
dba Chrysler Capital

Date: 7/28/25